[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14338
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-00223-GAP-DAB


POLLY R. GRANGER,
THOMAS E. GRANGER,
her husband,

Plaintiffs - Appellants,

versus


KELLY C. WILLIAMS,
JENNIFER SHAFFER,
KEVIN THERIAULT,
MICHAEL BROUILLETTE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 18, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiffs were arrested by defendants Williams, Shaffer and Theriault, all City of New Smyrna Beach police officers, for violating Fla. Stat. § 856.011(3), Disorderly Intoxication.  Plaintiffs thereafter brought this fifteen-count lawsuit against those three defendants and Officer Michael Brouillette and the City of New Smyrna Beach asserting federal and state law claims.[1]  The federal claims were brought against Williams, Shaffer and Theriault in Counts I through IX of the complaint and against the City in Count XV under 42 U.S.C. § 1983 based on their alleged infringement of plaintiffs' rights under the First and/or Fourth Amendments (and presumably under the Fourteenth Amendment) to the United States Constitution.  The state law claims were brought against Williams, Theriault and Brouillette in Counts X through XIV.[2]

On motion for summary judgment, the District Court, in an order entered on August 19, 2013, held that the four police officers were entitled to qualified immunity, and dismissed plaintiffs' § 1983 claims against them.  The court declined to exercise pendent jurisdiction over the state law claims and accordingly dismissed them without prejudice—thus appearing to conclude the case.  But the

---

[1]  The District Court had jurisdiction over these claims under 28 U.S.C. § § 1331 and § 3443, and the state law claims under 28 U.S.C. § 1367.

[2]  Brouillette was named as a defendant only in Count XIV, a state law claim for slander.

2

court overlooked one federal claim in the case, a claim the court's order did not mention: Count XV, a Fourth Amendment claim against the City.

Plaintiffs appeal the District Court's dismissal of the § 1983 claims against the four officers, Williams, Shaffer, Theriault and Brouillette, and the court's dismissal of the state law claims. Although the court's August 19, 2013, order appears to have disposed of all of plaintiffs' claims, it did not; Count IV remains. What is before us is an appeal of the court's order appearing to grant the four officers summary judgment on the grounds of qualified immunity. Since plaintiffs did not bring a § 1983 claim against Brouillette however, what we have is an order granting Williams, Shaffer and Theriault summary judgment on the basis of qualified immunity. We have jurisdiction to review that order. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985).

We have thoroughly considered plaintiffs' arguments for the reversal of the District Court's qualified immunity rulings. We find that their arguments lack merit; for, as the District Court correctly concluded, the "Officers had arguable probable cause to arrest Plaintiffs for being involved in an altercation." Order at 7.

The District Court's judgment is affirmed to the extent that it grants defendants Williams, Shaffer and Theriault qualified immunity on the federal claims. The judgment is vacated with respect to the dismissal of the state law claims. The case is remanded for consideration of the Count XV § 1983 claim against the City and the state law claims.[3]

AFFIRMED, in part; VACATED and REMANDED, in part.

---

[3] We of course intimate no view as to the court's discretionary exercise of § 1367 jurisdiction over the state law claims once it has ruled on the sufficiency of the Count XV claim against the City.